UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 08-50079-02 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT MARSHALL'S |
| | ) | MOTION TO COMPEL [216] |
| VINE RICHARD MARSHALL, | ) | AND GRANTING GOVERNMENT'S |
| a/k/a RICHARD VINE MARSHALL, | ) | MOTION FOR IN CAMERA |
| a/k/a DICK MARSHALL, | ) | INSPECTION [244] |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Vine Richard Marshall has moved the court for an order compelling the government to provide discovery of three categories of documents: (1) agreements or understandings between the government and Arlo Looking Cloud about any benefit Mr. Looking Cloud may receive from the government in return for his testimony in Mr. Marshall's trial; (2) Arlo Looking Cloud's Bureau of Prisons central inmate file; and (3) any records from the Bureau of Indian Affairs, the United States Marshals Service, or any federal agency relating to any investigation, complaints, or sanctions concerning alleged misconduct, unprofessional conduct, or breach of ethical standards related to the personal relationship between federal investigator Robert Eccoffey and the government's cooperating witness known as "Maverick." See Docket 216. In the alternative, Mr. Marshall seeks an order

1

requiring the government to provide these three categories of documents to the court for *in camera* inspection.

The government resists Mr. Marshall's motion. In response to category number three, the government provided Maverick's criminal history to the court for *in camera* inspection. Docket 244. Because the court was unable to ascertain whether the three categories of materials requested by Mr. Marshall contained <u>Brady</u> or <u>Giglio</u> material, the court issued an order requiring the government to submit the documents to the court for *in camera* review.[1] See <u>United States v. Garcia</u>, ___ F.3d ___, 2009 WL 996826, *4 (8th Cir. April 15, 2009).

Instead, the government filed a response stating: (1) that all documents relating to any agreement between the government and Arlo Looking Cloud concerning Mr. Looking Cloud's testimony have already been disclosed; (2) that the government does not have in its possession, nor has it reviewed, Mr. Looking Cloud's central inmate file; and (3) that the government has no evidence in its possession relating to any investigation, complaint, or sanctions concerning any alleged misconduct between the former United States Marshal and witness Maverick.

---

[1]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**DISCUSSION**

Evidence which is in the possession of police, though unknown to the prosecutor, may form the basis for a Brady violation. Youngblood v. West Virginia, 126 S. Ct. 2188, 2190 (2006) (citing Kyles v. Whitley, 514 U.S. 419, 438 (1995)). Thus, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles, 514 U.S. at 437.

On the other hand, the government has no duty to seek out and provide discovery of evidence in the hands of third parties, even other government agencies, if those agencies are not acting on behalf of the government in the case. Id. See also United States v. Skorniak, 59 F.3d 750, 755-756 (8th Cir. 1995) (medical records); United States v. Dunn, 851 F.2d 1099, 1101 (8th Cir. 1988) (report written by a state child protection worker); United States v. Riley, 657 F.2d 1377, 1386 (8th Cir. 1981) (hospital records).

The court first notes that the government does not resist Mr. Marshall's motion for documents that reflect the agreement between it and Mr. Looking Cloud as to any benefit Mr. Looking Cloud hopes to gain by testifying at Mr. Marshall's trial. Instead, the government's position is that it has already provided Mr. Marshall with all responsive documents to this request. Accordingly, the court denies this request by Mr. Marshall as moot. According to the government's representation to the court, there simply are no other documents responsive to this request.

As to Mr. Marshall's request for Looking Cloud's central inmate file, that record would appear to be in the hands of the Bureau of Prisons ("BOP"). There is no suggestion that the BOP is acting on the government's behalf in this case in a role analogous to the police. The BOP is typically not a law enforcement investigatory agency, but rather fulfills a custodial role. In addition, the type of information Mr. Marshall seeks in Looking Cloud's central inmate file, information about substance abuse treatment or history or other avenues of cross-examination, has already been provided to Mr. Marshall through the discovery of a portion of Looking Cloud's presentence investigation report, which the court reviewed *in camera* before ordering the government to provide that document to defendants. Accordingly, the court finds that the government has no duty to seek out Looking Cloud's BOP central inmate file if it does not already have that document and, accordingly, no duty to provide it in discovery to Mr. Marshall. Kyles, 514 U.S. at 437. Mr. Marshall's request for an order compelling discovery of Looking Cloud's central inmate file is therefore denied.

The records pertaining to the relationship between Mr. Ecoffey and Maverick, and any disciplinary action arising from the existence of that relationship, is somewhat different. These records would be expected to be in the hands of the Bureau of Indian Affairs ("BIA"), Mr. Ecoffey's employer. The BIA, and Mr. Ecoffey as a BIA agent, played a key investigatory role in this case, assisting the United States Attorney's Office. However, the documents

4

Mr. Marshall requests are not evidence of the crime with which he is charged, either inculpatory or exculpatory.  Rather, the evidence Mr. Marshall seeks may or may not reflect on the credibility of the two witnesses, Maverick and Mr. Ecoffey.  Furthermore, the key fact which has the possibility of reflecting on the credibility of the witnesses is the fact of the relationship itself, not any action that may have been taken by Mr. Ecoffey's employer when faced with evidence of the relationship at some later date.  Clearly, Mr. Marshall and his lawyer are already apprised of the fact of the relationship itself and can cross-examine regarding that issue.

The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment and not otherwise available to the defendant. See United States v. Bagley, 473 U.S. 667, 678 (1985); Brady v. Maryland, 373 U.S. 83, 87 (1963).  To prove a violation, the defendant must show that the evidence was both favorable and material, and that the government suppressed the evidence. United States v. Barraza-Cazares, 465 F.3d 327, 333 (8th Cir. 2006). The government has suppressed evidence when it was otherwise unavailable to the defendant, and the prosecution failed to disclose the evidence in time for the defendant to use it. Id. at 334.  When Brady evidence is available to the defendant through other avenues, there is no Fifth Amendment violation if the prosecution fails to disclose the evidence.  Bagley, 473 U.S. 678; Barraza-Cazares, 465 F.3d at 334 (Brady violation is shown only when the materials

were not otherwise available to defendant through other sources). Impeachment evidence falls under Brady when the reliability of a given witness may be determinative of a defendant's guilt or innocence. Giglio v. United States, 405 U.S. 150, 154 (1972).

Courts have rejected generalized demands for discovery of police personnel files absent some articulable reason for seeking such documents. See United States v. Lafayette, 983 F.2d 1102, 1106 (D.C. Cir. 1993); United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985). However, such is not the case here, since Mr. Marshall seeks specifically-articulated information.

In United States v. Vue, 13 F.3d 1206 (8th Cir. 1994), the defendants argued on appeal that the trial court erred in denying their motion to compel the prosecution to obtain and disclose any information possessed by the Immigration and Naturalization Service relating to the existence of Ai and Bee Vang. Id. at 1208. A key issue in the Vues' defense was whether the Vangs really existed. Id. Thus, the Vues argued that the government's failure to seek out, obtain, and disclose the INS information that they argued would confirm the existence of the Vangs was a Brady violation. Id. The Eighth Circuit held that the Vues were required to show that the INS information was material to their defense before a Brady violation would be found. Id. "Materiality" in this context required a showing that, had the evidence been available, there was a reasonable probability that the outcome would have been different. Id. The

6

court concluded that the Vues had failed to establish the materiality of the INS documents relative to the Vangs. Id. at 1208-1209.

In United States v. Graham, 83 F.3d 1466 (D.C. Cir.), cert. denied, 519 U.S. 1132 (1996), the prosecution had withheld a deposition of a key witness showing that he had participated in several drug-related murders and gave deceptive responses on a polygraph asking about the involvement of others in the murders. Id. at 1473. The defendants argued that this constituted Brady and Giglio material that they would have used to impeach the witness. Id. There was no Brady violation, the court held, because the witness admitted on direct examination to the substance of the information contained in the deposition and the polygraph. Id. at 1473-1474. Thus, the court held that the additional information withheld by the prosecution would not have significantly aided defendant's impeachment of the witness. Id.

There is no question as to the importance of the testimony of Mr. Ecoffey and Maverick at Mr. Marshall's upcoming trial. The testimony adduced at Mr. Looking Cloud's trial revealed that it was Mr. Ecoffey, working tirelessly and seemingly single-handedly, at times, through the last three decades that resulted finally in the indictment of Mr. Marshall, Mr. Looking Cloud, and John Graham. Maverick, too, played a key role in assisting Mr. Ecoffey by obtaining information under cover as an "insider" of the American Indian Movement. Thus, the reliability of Mr. Ecoffey and Maverick may be determinative of Mr. Marshall's guilt or innocence.

However, the fact that reflects on the reliability of their testimony–the assertion that they formed a romantic relationship while investigating this crime and so, perhaps, were not objective or neutral–is a fact already known to Mr. Marshall through other avenues, as evidenced by his assertions in the instant motion. Whether Mr. Ecoffey's *employer* learned of the asserted relationship and what, if any, actions it took upon learning that information does not reflect further on Mr. Ecoffey's or Maverick's reliability as witnesses. The employer's knowledge and actions are simply not material under Brady. Vue, 13 F.3d at 1208-1209. Furthermore, the key facts are already known to Mr. Marshall, so documentation of the employer's knowledge of the fact of the relationship would not increase the efficacy of Mr. Marshall's ability to impeach on this evidence. Graham, 83 F.3d at 1473-1474. Accordingly, the court denies Mr. Marshall's motion to compel the government to obtain from the BIA these requested documents and disclose them to him.[2]

---

[2] The court notes that it is in the anomalous position of deciding what Mr. Ecoffey's personnel file contains without having seen that file. Numerous courts have imposed on prosecutors the independent duty to review testifying police personnel files for Brady materials and to disclose anything in those files that is material to the defense once the defense makes a request for Brady materials from testifying police witnesses. See United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998); United States v. Henthorn, 931 F.2d 29, 30-31 (9th Cir. 1991). Here, the government asserts that it does not have in its possession Mr. Ecoffey's personnel file. The failure of a prosecutor to review testifying police personnel files for Brady materials, or to direct the custodian of such files to conduct such a review, has been held to be reversible error. Henthorn, 931 F.2d at 31. Accordingly, the prudent course for the government would be to either conduct such a review itself, or to direct the custodian of the files to conduct such a review and to ensure that the fact of the review is of record in this case. If no Brady materials are contained therein, such a review is

One final matter is raised by the government's supplying to the court, *in camera*, the criminal record of Maverick. See Docket 244. The government contends that this information is not admissible under Fed. R. Evid. 609 as impeachment, and, thus, that the government has no duty to provide this document to Mr. Marshall. Rule 609 provides, in pertinent part, as follows:

> **(a) General rule.**--For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness . . . has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, . . . and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> **(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

See Fed. R. Evid. 609(a) and (b).

---

sufficient. If the government has any doubt as to the materiality of documents in Mr. Ecoffey's personnel file, it may submit the same to the court for *in camera* review.

Maverick's record reveals charged offenses more than 10 years old. Those offenses do not appear to fall within the category of offenses described in part (a)(2) of Fed. R. Evid. 609.  Additionally, the document provided to the court *in camera* is ambiguous as to what the disposition of Maverick's charges were, and whether the charges resulted in a "conviction" within the meaning of Rule 609.

The issue before the court presently is the *discoverability* of Maverick's record, **not** the *admissibility* at trial of the fact of a conviction, if any.  If, in fact, Maverick was convicted of any of the crimes evidenced by the record provided to the court, the fact that the convictions are more than 10 years old does not necessarily preclude their admissibility.  Rather, the defendants could give the government pretrial notice of their intent to use the evidence pursuant to Rule 609(b).  The trial court then has the discretion to decide to admit the evidence, notwithstanding the fact that the conviction is more than 10 years old.  See Fed. R. Evid. 609(b).  However, defendants would be deprived of the opportunity to argue this issue and provide the requisite pretrial notice absent discovery of the operative facts contained in Maverick's record.  Accordingly, the court holds that the government should immediately disclose Maverick's record to both defendants.

## CONCLUSION

Based on the foregoing discussion, the court hereby

ORDERS that Mr. Marshall's motion to compel evidence of any agreements between the government and Arlo Looking Cloud is denied as moot, based upon the government's representation that all such documents have been provided to defendants already. [Docket 216]. It is further

ORDERED that Mr. Marshall's motion to compel production of Arlo Looking Cloud's central inmate file from the Bureau of Prisons is denied. [Docket 216]. It is further

ORDERED that Mr. Marshall's motion to compel production of documents from the Bureau of Indian Affairs or any other federal agency regarding the relationship, if any, between Mr. Ecoffey and Maverick is denied. [Docket 216]. It is further

ORDERED that the government's motion for *in camera* review of Maverick's record is granted. [Docket 244]. The government shall immediately produce to both defendants Maverick's criminal record as previously provided to the court *in camera*.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of

this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  <u>See</u> Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated April 29, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE