UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION




FILED
APR 30 2009

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-50079-02 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| - vs - | * | AND ORDER RE: DEFENDANT |
| | * | MARSHALL'S NOTICE OF |
| | * | INTENT TO OFFER STATEMENTS |
| JOHN GRAHAM aka JOHN BOY PATTON, and VINE RICHARD MARSHALL aka RICHARD VINE MARSHALL aka DICK MARSHALL, | * | OF GOVERNMENT COUNSEL |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Marshall has given notice of his intent to offer into evidence statements made by the former United States Attorney in the trial of *United States v. Arlo Looking Cloud*, CR 03-50020, and in the appeal of that case to the United States Court of Appeals for the Eighth Circuit, No.04-2173. Doc. 168. Defendant Marshall contends these statements are admissible as admissions by a party-opponent under Rule 801(d)(2)(B)(C) and (D) of the Federal Rules of Evidence.[1] The United States has challenged the admissibility of these statements and has requested that this Court hold that the statements are inadmissible. Doc. 200. For the reasons set forth in this Memorandum Opinion the Court is holding that the statements of the prosecutors in the former trial and appeal are inadmissible.

## DISCUSSION

Defendant Marshall relies upon cases that hold that statements by a defendant's attorney are

---

[1] FED. R. EVID. 801(d)(2)(B)(C) and (D) provide:
> A statement is not hearsay if ... The statement is offered against a party and is ...
> (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

admissible against the party as admissions, if the statements are with the scope of the attorney's representation. *See United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984); *United States v. Ojala*, 544 F.2d 940, 945-946 (8th Cir. 1976);*Dick v. United States*, 40 F.2d 609, 611 (8th Cir. 1930). However, even in those instance where argument and statements of defense counsel have been held admissible as an admission by a party-opponent, the trial court had to have found: 1. that the prior argument or statement involves assertion of fact inconsistent with similar assertions in the subsequent trial; 2. that such inconsistency is clear and of quality which obviates any need for the trier of fact to explore other events at the prior trial; 3. that the statements of counsel were such as to be the equivalent of testimonial statements by defendant; and 4. that the inference the prosecution was seeking to draw from the inconsistency is a fair one and that honest explanation for the inconsistency does not exist. *See United States v. McKeon*, 738 F.2d at 33. In addition to the concerns inherent in the above requirements, the court in *McKeon* observed that the " use of prior jury argument must be circumscribed in order to avoid trenching upon other important policies" such as the consumption of substantial time to pursue marginal matter that divert from the real issues and the injection of otherwise inadmissible and prejudicial evidence. 738 F.2d at 32.

Historically, statements made by prosecutors and other government agents could not be used against the Government in a criminal prosecution based on the common-law principle that no individual should be able to bind the sovereign. *See* 5 WEINSTEIN'S FEDERAL EVIDENCE § 8-1.33[3] (2d ed. 2008). Even if the Court follows the line of cases that have applied FED. R. EVID. 801(d)(2)(D) in dealing with statements made by government attorneys, the Court in admitting such statements against the Government as a litigant, must determine that the statements meet the following criteria:

> First, "the district court must be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial." Second, the court must determine "that the statements of counsel were such as to be the equivalent of testimonial statements" made by the client. Last, the district court must determine by a preponderance of the evidence that the inference that the proponent of the statements wishes to draw "is a fair one and that an innocent explanation for the inconsistency does not exist."

*United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (quoting *United States v. Salerno*, 937 F.2d 797, 811 (2d Cir.1991), and *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir.1984)).

Statements Regarding Providing the Murder Weapon

Much argument is made by Defendant Marshall that the United States has changed position in that at the Looking Cloud trial the murder weapon was provided by Looking Cloud, while now the United States claims that Richard Marshall provided the murder weapon and that the positions are totally inconsistent. As everyone knows, Looking Cloud was tried before this Court. The positions on this matter are not inconsistent and will not be viewed by this Court as inconsistent. Defendant Marshall is mixing conduct in providing the murder weapon and ammunition at the Marshall residence with the handing of the murder weapon to Graham at the site of the shooting of Anna Mae Aquash.

Defendant Marshall has not met the first prong for admissibility of the former prosecutor's argument regarding providing the murder weapon in that this Court is not satisfied that the prior argument involves an assertion of fact inconsistent with evidence that will likely be submitted in the upcoming trial. Defendant Marshall will not be allowed to introduce the prosecutors' arguments in the former trial and appeal on this matter at the upcoming trial.

Statements Regarding Looking Cloud's Credibility

Defendant Marshall proposes to introduce statements made by the former prosecutor in argument in the Looking Cloud trial that Arlo Looking Cloud had a history of lying about his involvement in Anna Mae Aquash's murder. However, "advocacy as to the credibility of witness" has been held to not meet the first two criteria for admission of statements made by government attorneys. See *United States v. Ford*, 435 F.3d at 215. Furthermore, these type of statements are "problematic" under FED. R. EVID. 403. *See* 5 WEINSTEIN'S FEDERAL EVIDENCE § 8-1.33[3] n. 24. For these reasons, Defendant Marshall will not be allowed to introduce the prosecutors' arguments in the former trial and appeal regarding Arlo Looking Cloud's credibility at the upcoming trial.

Sequence of the Murderers' Journey

Defendant Marshall argues that the discovery provided to him discloses that the Government will present testimony from Arlo Looking Cloud that will present a different sequence of travel in taking Aquash to the site of the murder than was presented by the prosecutors in their argument and

3

briefing in the Looking Cloud trial. Arlo Looking Cloud did not testify at his trial and the Government did not then have the benefit of his full cooperation on this matter. Given the change of circumstances since the first trial it would be unfair to attribute any inconsistencies in the details of the journey to the murder scene as an unethical modification of the theory of the prosecution's case. In addition, the Government correctly argues that this Court instructs on the basic premise of law that statements of counsel are not evidence. *See United States v. Smith*, 508 F.3d 861, 865 (8th Cir. 2007); Eighth Circuit Pattern Jury Instructions, 1.03, Ed. 2007. Allowing the evidence Defendant Marshall seeks to introduce would cause confusion to the jury and is not warranted by the facts of this case.

The Court advises, however, that statements by witnesses in the Looking Cloud trial are evidence and can be used for witness impeachment in the upcoming trial where the prior trial statements are otherwise proper impeachment. Counsel should bear in mind that "[i]mpeachment evidence addresses credibility and is distinct from substantive guilt evidence." *United States v. Wilson*, 930 F.2d 616, 619 (8th Cir. 1991). Accordingly,

> IT IS ORDERED that the United State's request to prohibit the admission of the statements set forth in Defendant Marshal's Notice of Intent to offer into evidence statements made by the former United States Attorney in the trial and appeal in *United States v. Arlo Looking Cloud*, is granted.

Dated this 20th day of April, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY_____
(SEAL)   DEPUTY

4