UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION


FILED
DEC 17 2009

*****************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 08-50079 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| JOHN GRAHAM, a/k/a/ John Boy Patton, VINE RICHARD MARSHALL, a/k/a Richard Vine Marshall, a/k/a Dick Marshall, | * | |
| Defendant. | * | |

*****************************************************************************

Pending before the Court are three related motions filed by Defendant Marshall: 1) Motion for Evidentiary Hearing on Destruction of Evidence and for Sanctions, doc. 434; 2) Motion to Compel Disclosure of Impeachment Evidence, doc. 436 and; 3) Motion to Dismiss Indictment for Government's Failure to Preserve and Disclose Favorable Evidence, doc. 507. All three motions arise from the Denver Police Department's apparent inadvertent destruction of evidence relating to the investigation into the murder of Anna Mae Aquash. Marshall asserts that the government has not provided him or co-defendant Graham with any information about the destruction of the evidence.

In 2003, the Denver Police Department publicly acknowledged that in 2001 they had destroyed files and records containing evidence from the Aquash murder investigation. In 1995, Abe Alonzo, a detective with the Denver Police Department, drove Looking Cloud from Denver to the crime scene to meet with Marshal Ecoffey, then drove Looking Cloud back to Denver. Marshall's lawyer asserts that a witness has lead him to believe that notes, records and evidence of statements made by Arlo Looking Cloud to Alonzo during that trip were among the evidence destroyed.

The government responded to this motion, stating that the Denver Police Department only provided assistance to the United States in its investigation, and that all evidence in the custody of the Denver Police Department was also in the custody of the United States and was provided to the defendants as discovery in this case. According to the government, except for one interview of Frank Dillon, no part of the investigation was conducted by Denver Police Department officials which was not in the presence of Marshal Ecoffey or a Deputy Marshal.

Marshall's reply to the government's response includes a copy of a transcript of a recorded interview of Aquash's sister, Mary Lafford, which Alonzo conducted on 1998. The government provided a copy of the transcript to Marshall in discovery. The transcript indicates that Alonzo conducted the interview by himself, which contradicts the government's statement that only Frank Dillon was interviewed without the presence of a federal official. Marshall's reply also includes a page of a transcript where Alonzo is advising government informant Kamook Nichols before she met with Looking Cloud and secretly recorded their conversation, which may suggest Alonzo was acting outside the presence of federal officials. Marshall points out that Alonzo recorded his interviews of Dillon and Lafford, but the tape or video recordings of those interviews, as well as of an interview of Julian Pokrywka (Theda Clark's husband), have not been provided to the defendants. Marshall's lawyer thinks this is proof that the Denver police at one time had custody of evidence - - such as audio and video tape recordings of the witness interviews - - that is not also in the custody of the Untied States and that was not disclosed to the defendants.

Marshall's reply calls into question whether all evidence in the custody of the Denver Police Department was also in the custody of the United States and was provided to the defendants in this case. Accordingly,

> IT IS ORDERED that Defendant Marshall's Motion for Evidentiary Hearing on Destruction of Evidence and for Sanctions, doc. 434; Motion to Compel Disclosure of Impeachment Evidence, doc. 436 and; Motion to Dismiss Indictment for Government's Failure to Preserve and Disclose Favorable Evidence, doc. 507, are granted to the extent that the government shall re-contact the Denver Police Department to determine what evidence was gathered by Denver police and what evidence was destroyed. The government also shall obtain information regarding the

Denver Police Department's investigation of the evidence destruction, such as what evidence was retrieved and what was not. The information received by the government from the Denver Police Department shall be provided to the defendants.

Dated this 17th day of December, 2009.

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *Jackie Meisenheimer*
DEPUTY

3