UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 08-50079-02 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART |
| | ) | DEFENDANT MARSHALL'S |
| VINE RICHARD MARSHALL, | ) | MOTION FOR PRODUCTION OF |
| a/k/a RICHARD VINE MARSHALL, | ) | HANDWRITTEN NOTES |
| a/k/a DICK MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant Vine Richard Marshall has moved the court for an order compelling the government to provide to the court for *in camera* inspection handwritten notes by government investigators and attorneys of a proffer session with a key government witness, Arlo Looking Cloud, which took place on August 19, 2008. See Docket No. 571. The government resists this motion.

## DISCUSSION

The Eighth Circuit has held that law enforcement agents may permissibly destroy handwritten notes once typewritten summaries from those notes are generated. See United States v. Kuykendall, 633 F.2d 118, 119 (8th Cir. 1980). Furthermore, Rule 16 specifically protects "reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case." See Fed. R. Crim. P.

1

16(a)(2). The government satisfies its duty under the Jencks Act, 18 U.S.C. § 3500, by providing the type-written summaries of interviews unless the handwritten notes depart materially from the typewritten reports in substance or the government acted in bad faith. United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004); United States v. Leisure, 844 F.2d 1347, 1360-61 (8th Cir. 1988). Although the Eighth Circuit has also noted that the "better practice" is for agents to preserve their notes and have them ready to produce at trial, if necessary. Leisure, 844 F.2d at 1361 n.10. The Eighth Circuit has held that the Jencks Act requires the government to produce "statements" of government witnesses and that an investigator's notes taken during an interview with a witness do not constitute a "statement" for purposes of the Jencks Act. See United States v. Wright, 540 F.3d 833, 841-42 (8th Cir. 2008).

The government suggests that the Wright case is authority for the proposition that it is never necessary for a court to examine handwritten notes *in camera*. The court does not read Wright so expansively. The Wright court simply held that, given the facts of that case, the district court had not committed reversible error in failing to review handwritten notes *in camera*. This court would prefer to err on the side of caution.

Accordingly, the court will examine *in camera* the handwritten notes of any investigators present at the August 19, 2008, proffer with Arlo Looking Cloud. Only by examining such notes and comparing them to the "302" that

was produced to Mr. Marshall can the court determine whether there is a material difference in the two as contemplated by Greatwalker and Leisure.

The court will not, however, require the government to produce, *in camera* or otherwise, any notes taken by a government attorney. As the government has pointed out in its response to this motion, attorney notes are protected by the attorney work product doctrine. In the absence of any authority from Mr. Marshall that the government's work product should be invaded, the court will not do so.

## CONCLUSION

It is hereby

ORDERED that Mr. Marshall's motion for production [Docket 571] is granted in part and denied in part. The government shall produce to the court for *in camera* inspection no later than noon on Monday, February 1, 2010, any handwritten notes taken by government investigators during Arlo Looking Cloud's interview with the government on August 19, 2008. The government shall also produce to the court a copy of any 302 prepared in summary of that meeting so that the court can compare the two for material differences. It is further

ORDERED that Mr. Marshall's request for the notes of any government attorney present at the August 19, 2008, meeting with Looking Cloud is denied.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2) and 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated January 29, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE