UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50079-02 |
| Plaintiff, | ) ) ) | ORDER DIRECTING GOVERNMENT |
| vs. | ) ) | TO REDACT AND PRODUCE DOCUMENTS |
| VINE RICHARD MARSHALL, a/k/a RICHARD VINE MARSHALL, a/k/a DICK MARSHALL, | ) ) ) ) | |
| Defendant. | ) | |

INTRODUCTION

The government filed a motion to quash or modify a subpoena and subpoena *duces tecum* served on Douglas C. Moring, custodian of records at the National Records Center in Lee's Summit, Missouri. The government's motion also served as its response to the court's previous order to show cause why Mr. Moring should not be held in contempt of court for refusing to comply with the district court's order directing him to produce evidence in this case. Specifically, the subpoena served on Mr. Moring directed him to produce all documents and writings, including the "alien file," in the possession of the United States Citizenship and Immigration Services concerning a particular unnamed witness. [Docket No. 576].

1

By its order of April 1, 2010, this court denied the government's motion to quash the subpoena, and ordered the government to produce for *in camera* review all documents described in the subpoena duces tecum served on Mr. Moring. Docket No. 725. The government complied with the court's order, and the court completed an *in camera* review of the documents. The court separated those documents which it believes are relevant and discoverable from those documents which it believes are neither relevant nor discoverable, based on the standards set forth in Brady v. Maryland, 373 U.S. 83 (1973) and Giglio v. United States, 405 U.S. 150 (1972). The court provided to the government a complete copy of the discoverable documents with direction as to how the government should redact specific information contained therein. The court believes redaction of personal identifying information, such as government-issued identification numbers, addresses, and dates of birth, is appropriate in order to protect the individuals whose information is the subject of the subpoenaed materials. Further redaction of information about unrelated criminal activity or investigations unrelated to the Aquash murder is appropriate to protect the government's qualified, common law privilege to withhold information in order to protect the identities of confidential informants or to protect ongoing criminal investigations. See Docket No. 725.

In order to facilitate review on appeal should either party wish to avail themselves of that right, the documents to be provided by the government have

been filed under seal as Exhibit A. The documents which have not been ordered to be produced have been filed under seal as Exhibit B.

## CONCLUSION

Based on the foregoing discussion, the court hereby

ORDERS that on or before the start of trial in this case, currently scheduled to begin on Tuesday, April 13, 2010, the government shall produce the documents in Exhibit A, redacted as indicated by the example provided to the government by the court, and shall produce the same to Mr. Marshall.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have until 8:00 a.m. Mountain Time, on Monday, April 12, 2010 to file written objections pursuant to 28 U.S.C. § 636(b)(1). See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated April 9, 2010.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE